## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **TIMOTHY MINTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION** |
| | )  **FILE NO.** |
| **CITY OF ADAIRSVILLE, GEORGIA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Timothy Minter ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant City of Adairsville ("Defendant"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") for Defendant's willful failure to pay Plaintiff's overtime compensation and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this claim in controversy as it arises from a federal question under 29 U.S.C. § 216(b), involving claims arising out of the unlawful employment practices described herein during Plaintiff's employment with the Defendant.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. § 216(b), and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

## PARTIES

3.

Plaintiff is a legal resident of the United States and of the State of Georgia and is subject to the jurisdictions of this Court.

4.

Defendant is a municipality located in Bartow County, Georgia and may be served through its Mayor, Kenneth Carson, at 116 Public Square, Adairsville, Georgia 30103. Defendant is subject to the jurisdiction and venue of this Court.

5.

The City of Adairsville Police Department is a city government agency and division of the City of Adairsville, Georgia located in Bartow County, Georgia.

6.

Upon information and belief, Plaintiff worked for Defendant at the City of Adairsville Police Department from December 20, 2012 through July 25, 2014.

7.

Plaintiff is an "Employee" as defined under the FLSA 29 U.S.C. § 203(e)(2)(c).

8.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

9.

Plaintiff provided canine maintenance and care within the last three (3) years.

10.

During his employment with Defendant, Plaintiff worked more than eighty-six (86) hours in a fourteen (14) consecutive day period and was not paid the overtime wage differential required under FLSA 29 U.S.C. § 207.

11.

Upon information and belief, Defendant was Plaintiff's "Employer" pursuant to 29 U.S.C. § 203(d).

## FACTUAL ALLIGATIONS

### 12.

Plaintiff was hired by Defendant in December 2012 as a K-9 Patrol Officer with the City of Adairsville Police Department.

### 13.

Within the last three years, through July 25, 2014, Plaintiff worked for Defendant as a Corporal in the City of Adairsville Police Department, a public agency in the State of Georgia.

### 14.

FLSA guidelines require that law enforcement personnel who work more than 86 hours in a 14 consecutive day period be paid time and a half for time worked in excess of 86 hours.

### 15.

During the past three years, and specifically during the period from January 6, 2013 through July 26, 2014, Plaintiff worked more than 86 hours in a 14 consecutive day work period. Defendant failed to keep track of these hours.

### 16.

During the past three years, and specifically during the period from April 27, 2014 through May 24, 2014, the City of Adairsville, through its agents and

employees, approved the use of Plaintiff's personal, certified law enforcement K-9 "Sunnie" while Plaintiff was on duty at the Adairsville Police Department.

17.

During the past three years, and specifically during the period from July 25, 2014 through July 26, 2014, Plaintiff provided maintenance for "Mike", a police K-9 owned by the City of Adairsville Police Department, without compensation. Defendant failed to keep track of these hours.

18.

Plaintiff was not compensated for all hours worked, even though he consistently worked more than 86 hours.

19.

Defendant failed to pay Plaintiff overtime wage differential as required by FLSA 29 U.S.C. § 207 for occasions when Plaintiff worked more than 86 hours in a 14 consecutive day work period.

20.

Defendant managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

21.

Defendant failed to meet the requirements for any exemptions that would permit it from withholding overtime compensation under FLSA 29 U.S.C. § 207 and/or § 213.

22.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times his hourly rate for each hour worked in excess of 86 in a 14 consecutive day work period.

23.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

24.

Upon information and belief, Defendant did not rely on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime wage differential when it refused to pay Plaintiff the overtime wage compensation owed to him as required by federal law.

25.

Upon information and belief, Defendant was informed through its employees and agents that it had failed to fully compensate Plaintiff in accordance with federal law, but failed to rectify its errors to comply with the law.

26.

Defendant is liable to Plaintiff for any and all time worked in excess of 86 hours in a 14 consecutive day work period of at least one and one half times his calculated hourly rate.

27.

Defendants conduct constitutes willful violations of 29 U.S.C. § 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. § 216.

## COUNT ONE

## VIOLATION OF FLSA 29 U.S.C. §§ 207, 215

28.

Plaintiff incorporates Paragraphs 1 through 27 as if the same were fully expressed herein.

7

29.

Defendant's failure to compensate Plaintiff for his time actually worked in excess of 86 hours in a 14 consecutive day work period on the basis of one and one half times his calculated rate of pay is a violation of FLSA 29 U.S.C. §§ 207 and 215.

30.

Defendant's failure to compensate Plaintiff for overtime while he provided maintenance for "Sunnie", a canine serving the City of Adairsville between April 27, 2014 through May 24, 2014, is a violation of FLSA 29 U.S.C. §§ 207 and 215.

31.

Defendant's failure to compensate Plaintiff for time worked in providing maintenance for "Mike", a police K-9 owned by the City of Adairsville, between July 25, 2014 through July 26, 2014, is a violation of FLSA 29 U.S.C. §§ 207 and 215.

32.

Defendant required or permitted Plaintiff to provide maintenance for a police canine for over 4 weeks without paying the overtime wage differential to which he is entitled.

33.

Defendant required or permitted Plaintiff to provide maintenance for a police canine for 21 hours without paying the hourly wage compensation to which he is entitled.

34.

Defendant required Plaintiff to work more than 86 hours in a 14 consecutive day work period without paying Plaintiff the entirety of the overtime wage differential to which he is entitled.

35.

Defendant's violations are intentional and willful as Defendant knew, or should have known, that it was required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

36.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, all in violation of the FLSA.

37.

Defendant's conduct was willful and in bad faith.

38.

Defendants willful and bad faith violations give rise to a claim for relief pursuant to FLSA 29 U.S.C. § 216.

WHEREFOR, Plaintiff requests that this Court

1) Grant a trial by jury as to all triable issues of fact;

2) Issue a judgment awarding Plaintiff:

    a. All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. § 207;

    b. Liquidated damages as provided by 29 U.S.C. § 216;

    c. Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

    d. Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. § 216;

    e. Any and all other remedies allowed under the FLSA; and

3) Any and all such other relief this Court allows.

This 12th day of November, 2014.

LoRusso Law Firm, P.C.

*/s/* Lance J. LoRusso
Lance J. LoRusso
Georgia Bar No. 458023
Attorney for Plaintiff

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia 30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com

This Document Appears In Times New Roman 14 Point Font.

11